# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| BENEDICT SHOULDERBLADE, <br><br> Plaintiff, <br><br> vs. <br><br> ATTORNEY STEVE C. BABCOCK, <br><br> Defendant. | Cause No. CV 11-109-BLG-RFC-CSO <br><br> FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION |

This matter comes before the Court on Plaintiff Benedict Shoulderblade's Motion to Proceed in Forma Pauperis (*Court Doc. 1*) and Complaint (*Court Doc. 2*).

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed

complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust,* 821 F.2d 1368, 1370 (9th Cir. 1987). Shoulderblade's motion should be denied because he has not stated a federal claim.

Shoulderblade is a federal prisoner proceeding without counsel. Although he indicates he is incarcerated at the Yellowstone County Detention Center, he was sentenced by Judge Shanstrom on September 21, 2011, to 18 months in the custody of the Bureau of Prisons. *See* Criminal Action No. 09-CR-0044-BLG-JDS, *Court Doc. 45.* The Yellowstone County Detention Center no longer has Shoulderblade on their roster and the Bureau of Prisons website indicates Shoulderblade is in transit.

The named Defendant is Shoulderblade's criminal defense attorney Steven C. Babcock. Shoulderblade complains that in July 2010, Mr. Babcock refused to answer letters as to why he would not return personal property. (*Court Doc. 2, p. 5*).

Shoulderblade has failed to set forth a federal claim over which this Court has subject matter jurisdiction. Shoulderblade's claims are

construed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) which requires proof that Mr. Babcock was a federal officer acting under color of federal law in his representation of Shoulderblade in the federal criminal proceeding. In *Polk County v. Dodson,* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *See also Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003)(en banc). Even if Shoulderblade could prove Mr. Babcock did not return some property to him, he cannot state a federal claim for damages against his criminal defense lawyer because there would be no federal action. *See Cox v. Hellerstein,* 685 F.2d 1098, 1098-99 (9th Cir. 1982) (dismissing a suit against a federal public defender for lack of subject matter jurisdiction).

Thus, Shoulderblade has failed to state a federal claim upon which relief may be granted. This is not a defect which could be cured by amendment. Accordingly, the Motion to Proceed in Forma Pauperis should be denied and the Complaint dismissed with prejudice.

Based on the foregoing, the Court issues the following:

**RECOMMENDATIONS**

Shoulderblade's Motion to Proceed in forma pauperis (*Court Doc. 1*) should be **DENIED** and his Complaint (*Court Doc. 2*) **DISMISSED** for lack of subject matter jurisdiction. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**NOTICE OF RIGHT TO OBJECT TO**
**FINDINGS & RECOMMENDATIONS AND**
**CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Shoulderblade may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of October, 2011.

*/s/ Carolyn S. Ostby*
United States Magistrate Judge